UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA LEIGH, | |
| Plaintiff, | 3:10-CV-0417-LRH-VPC |
| v. | |
| KEN SALAZAR, et al., | ORDER |
| Defendants. | |

Before the court is plaintiff Laura Leigh's ("Leigh") motion for a temporary restraining order (doc. #3) and plaintiff's amended motion for a temporary restraining order (doc. #5).[1]

This action arises out of the Bureau of Land Management's ("BLM") decision to gather wild horses in northwestern Elko County, Nevada ("the Tuscarora Gather"). The Tuscarora Gather seeks to cull roughly 1,100 horses from the Owyhee, Rock Creek and Little Humboldt Herd Management Areas ("HMAs") in order to bring the herds within the appropriate management levels ("AMLs") and maintain a thriving natural ecological balance. In order to carry out the Tuscarora Gather, the BLM has closed 27,000 acres of public land.

Plaintiff Leigh is a journalist and author who reports on wild horses and their management by private and government agencies. Leigh has attended and observed previous gathers conducted

---

[1] Refers to the court's docketing number.

by the BLM in other HMAs in northern Nevada. On July 9, 2010, Leigh filed a complaint against defendants challenging the decision of the BLM (1) to use helicopters to gather the horses while there are pregnant mares and young foals in the herds, and (2) to close 27,000 acres of public land thereby excluding the public and the press from observing the gather in violation of the First Amendment. Doc. #1. Along with her complaint, Leigh filed the present temporary restraining orders seeking to prevent the Tuscarora Gather and having the closure lifted. Doc. #3.

On July 13, 2010, the court held an initial status conference on Leigh's motion and set an abbreviated briefing schedule followed by a hearing on the motion. Prior to the hearing, the court issued an injunction prohibiting the defendants from carrying out the Tuscarora Gather until the court had an opportunity to review the briefs and hear oral argument. Doc. #10.

On July 15, 2010, the court heard oral argument on Leigh's motions. During the hearing, the court expressed its concerns regarding both the Tuscarora Gather and the closure of public lands. At the end of the hearing, the court expressed that Leigh's motions for a temporary restraining order would be denied as they relate to precluding the Tuscarora Gather, specifically in the Owyhee HMA.

After reviewing the documents and pleadings on file in this matter and the arguments of counsel during the hearing, the court takes this opportunity to issue its ruling on the issues before the court. A court may grant a temporary restraining order upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted). However, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Initially, the court notes that there has been no showing of probable likelihood of success on the merits by Leigh as it relates to her challenge of the Tuscarora Gather. Accordingly, the court shall deny Leigh's motions. The denial of Leigh's motions is without prejudice to Leigh's right to seek further relief from the court as to the Tuscarora Gather in the Rock Creek and Little Humboldt HMAs.

As to Leigh's First Amendment challenge to the closure of public lands during the gather, the court shall grant Leigh's temporary restraining order. Leigh argues that a blanket closure of 27,000 acres of public land on which the Tuscarora Gather is going to take place is a prior restraint on her First Amendment rights because she will be unable to observe and report on the health of the horses and the BLM's management of the gather. The court agrees and finds that she has made a sufficient showing of probable success on the merits to warrant granting the motion. As such, the court enjoins the blanket closure of public land access during the gather and shall lift the closure as written with regard to land access.

The court is cognizant of the public interest in this matter and of the right of the public and press to have reasonable access to the gather under the First Amendment. The court is also acutely aware of the competing interest expressed by the BLM, namely protecting the health and safety of the public, its employees and agents, and the horses during the gather. As such, the BLM is entitled to enact reasonable restrictions on public access. However, the court finds that the blanket closure as written, in so far as it relates to land access, is unconstitutional because it prevents the public from observing the gather, even in such a way as to not interfere with the gather. Therefore, the court's ruling is limited only to the blanket closure as it is now written and not to the BLM enacting a more reasonable closure which would preserve and honor the First Amendment rights of the public while still satisfying the health and safety responsibilities imposed on the BLM.

The court's order in no way effects the BLM's closure of the airspace above the 27,000 acres of public land. The court finds the closure of airspace to be constitutional and necessary to

ensure the health and safety of the public during the helicopter gather.

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (Doc. #3) and plaintiff's amended motion for a temporary restraining order (Doc. #5) are GRANTED in-part and DENIED in-part. The motions are DENIED as they relate to the Tuscarora Gather in the Owyhee Herd Management Area. The motions are further DENIED without prejudice as they relate to the Tuscarora Gather in the Rock Creek and Little Humboldt Herd Management Areas. The motions are GRANTED as they relate to the blanket closure of land access to 27,000 acres of public land in northwestern Elko County, Nevada.

IT IS FURTHER ORDERED that the closure of land access to 27,000 acres of public land in Elko County, Nevada is LIFTED without prejudice to the BLM adopting reasonable closure restrictions upon such access.

IT IS FURTHER ORDERED that the injunction issued on July 14, 2010 (Doc. #10) is LIFTED.

IT IS SO ORDERED.

DATED this 16th day of July, 2010, at 11:10 a.m.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4