UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LAURA LEIGH,

    Plaintiff,

v.

KEN SALAZAR, et al.,

    Defendants.

3:10-CV-0417-LRH-VPC

ORDER

Before the court is plaintiff Laura Leigh's ("Leigh") motion to reconsider the court's July 16, 2010 order granting in-part and denying in-part Leigh's initial motion for a temporary restraining order (Doc. #18[1]) and the court's July 27, 2010 order denying Leigh's renewed motion for a temporary restraining order (Doc. #37). Doc. #38.

**I.    Facts and Background**

This action arises out of the Bureau of Land Management's ("BLM") decision to gather wild horses in northwestern Elko County, Nevada. The Tuscarora Wild Horse Gather ("Tuscarora Gather") culled wild horses from the Owyhee, Rock Creek and Little Humboldt Herd Management Areas ("HMAs"), in order to bring the herds within the appropriate management levels ("AMLs") and maintain a thriving natural ecological balance.

---

[1] Refers to the court's docketing number.

On July 9, 2010, Leigh filed a complaint against defendants challenging the decision of the BLM (1) to use helicopters to gather the horses while there are pregnant mares and young foals in the herds, and (2) to close 27,000 acres of public land thereby excluding the public and the press from observing the gather in violation of the First Amendment. Doc. #1. Along with her complaint, Leigh filed her initial motion for a temporary restraining order seeking to prevent the BLM from conducting Tuscarora Gather and having the closure lifted. Doc. #3.

On July 15, 2010, the court heard oral argument on Leigh's motion. During the hearing, the court expressed its concerns regarding both the Tuscarora Gather and the closure of public lands. Subsequently, on July 16, 2010, the court issued an order granting in-part and denying in-part Leigh's initial motion for a temporary restraining order. Doc. #18. The court granted the motion in so far as it related to the BLM's blanket closing of public lands during the Tuscarora Gather finding that Leigh had made a sufficient showing that she was likely to succeed on her First Amendment claim against the blanket closure. *Id*. The court denied the motion as to Leigh's challenge of using helicopters to effectuate the Tuscarora Gather in the Owyhee, Rock Creek and Little Humboldt[2] HMAs finding that Leigh had not made a showing of her probable likelihood of success on the merits. *Id*.

Subsequently, on July 23, 2010, Leigh filed a renewed motion for temporary restraining order of the Tuscarora Gather in the Rock Creek and Little Humboldt HMAs once again challenging the BLM's use of helicopters to effectuate the gather and also challenging the BLM's decision to gather on private lands thereby precluding her access to the gather. Doc. #24. On July 27, 2010, the court denied Leigh's motion finding that Leigh had once again not made a showing of her probable likelihood of success on the merits. *Id*.

Thereafter, Leigh filed the present motion to reconsider the court's orders concerning her motions for a temporary restraining order of the Tuscarora Gather. Doc. #38.

---

[2] The denial of the motion was without prejudice as to the Rock Creek and Little Humboldt HMAs.

**II.     Discussion**

The federal district court has the inherent power to revise, correct, or amend interlocutory orders at any time prior to a final judgment. *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). A previous order may be reconsidered when the decision is clearly erroneous, there has been an intervening change of law, or there is manifest injustice. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Leigh argues that reconsideration is warranted because there has been an intervening change of law. *See* Doc. #38. On July 28, 2010, the Ninth Circuit issued an opinion in *Alliance for Wild Rockies v. Cottrell*, — F.3d —, No. 09-35756 (9th Cir. 2010), which clarified the post-*Winter* standard for a preliminary injunction and temporary restraining order.

Generally, a court may grant a temporary restraining order upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted). However, pursuant to *Alliance*, issued shortly after the court's orders, a court may issue a temporary restraining order if a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance*, — F.3d —, No. 09-35756, *10871 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). A plaintiff must still satisfy the other *Winter* factors including the likelihood of irreparable harm and that a temporary restraining order is in the public's interest. *Id*.

Leigh argues that the court's previous orders held that she had not established that she was likely to succeed on the merits, but did not address whether she raised serious questions going to the merits of her complaint or whether the balance of hardships tipped in her favor. Doc. #38. Leigh contends that she has met both elements and, therefore, the court's previous orders should be

3

reconsidered and her motions granted. *Id*.

Initially, the court notes that the Ninth Circuit's "serious questions" test would not alter the holding of the court's previous orders. The court denied Leigh's motions for a temporary restraining order holding that she had not made a showing of her probable likelihood of success on the merits. Doc. ##18, 37. Had the court considered the test outlined in *Alliance*, the court would have found that Leigh failed to raised sufficient serious questions going to the merits of her complaint to warrant a temporary restraining order. Further, the court was presented with evidence by Mr. Shepard, the Nevada State Program Lead for the Wild Horse Program, establishing that a temporary restraining order was not in the public's interest and that the balance of hardships tipped in defendants' favor because the ongoing drought condition in the HMAs was adversely affecting the wild horses to the point that expected wild horse mortality rates increased substantially each day the gather was postponed. Therefore, the court finds that applying *Alliance*'s "serious questions" test, and the remaining *Winters*' factors, Leigh has still not established that she is entitled to a temporary restraining order. As such, the court's previous orders shall remain in effect.

Additionally, the court notes that the underlying issue, the Tuscarora Gather, is now moot. It is elementary that a temporary restraining order is a prospective remedy intended to preserve the status quo. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998); *Big Country Foods, Inc. v. Board of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). The Tuscarora Gather concluded on August 2, 2010. Thus, the prospective activity challenged by Leigh has ended and there is no prospective action or harm for the court to restrain. As such, the issuance of a temporary restraining order would serve no purpose. Therefore, the court shall deny Leigh's motion for reconsideration.

///

///

///

4

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration of the court's orders concerning plaintiff's motions for a temporary restraining order (Doc. #38) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE