UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LAURA LEIGH,

    Plaintiff,

v.

KEN SALAZAR, et al.,

    Defendants.

3:10-CV-0417-LRH-VPC

ORDER

Before the court is plaintiff Laura Leigh's ("Leigh") motion to reconsider the court's July 27, 2010 order denying her motion for an order to show cause (Doc. #36[1]). Doc. #45. Defendants filed an opposition (Doc. #50) to which Leigh replied (Doc. #53).

**I.   Facts and Background**

This action arises out of the Bureau of Land Management's ("BLM") decision to gather wild horses in northwestern Elko County, Nevada. On July 9, 2010, Leigh filed a complaint against defendants challenging the decision of the BLM (1) to use helicopters to gather the horses, and (2) to close 27,000 acres of public land during the gather. *See* Doc. #1. Along with her complaint, Leigh filed a motion for a temporary restraining order seeking to prevent the BLM from conducting the gather and lifting the closure. Doc. #3.

---

[1] Refers to the court's docketing number.

1   On July 15, 2010, the court heard oral argument on Leigh's motion. During the hearing, the
2   court expressed its concerns regarding both the gather and the blanket closure of public lands.
3   Subsequently, on July 16, 2010, the court issued an order granting in-part and denying in-part
4   Leigh's motion for a temporary restraining order. Doc. #18. The court granted the motion in so far
5   as it related to the BLM's blanket closing of public lands and denied the motion as to Leigh's
6   challenge of using helicopters to effectuate gather activities. *Id*.

Subsequently, Leigh filed a motion for an order to show cause why defendants should not be held in contempt arguing that defendants violated the court's July 16, 2010 order by (1) conducting the gather on private land, and (2) not seeking permission for Leigh's presence from the private land owner. Doc. #19. The court denied the motion holding that Leigh failed to establish by clear and convincing evidence that the defendants' violated the court's order. Doc. #36. Thereafter, Leigh filed the present motion for reconsideration. Doc. #45.

**II.     Discussion**

The federal district court has the inherent power to revise, correct, or amend interlocutory orders at any time prior to a final judgment. *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). A previous order may be reconsidered when the decision is clearly erroneous, there has been an intervening change of law, or there is manifest injustice. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Leigh argues that reconsideration is warranted because she has newly discovered evidence that the defendants violated the court's July 16, 2010 order. Specifically, Leigh argues that the defendants caused a roadblock to be placed on a public roadway which prevented her from accessing the private road and private land on which the gather was taking place.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's previous order denying Leigh's motion for an order to show cause is

not warranted. Although Leigh contends that the defendants' roadblock prevented her from observing the gather in violation of the court's order, the court notes that its order did not address Leigh's unfettered rights of access to and observation of gather activities. Rather, the order lifted the blanket closure of 27,000 acres of public land.

Here, Leigh has failed to establish that the roadblock at issue was within the 27,000 acres of public land addressed in the court's order. Furthermore, under the court's order, the defendants were entitled to place reasonable restrictions on public access to gather activities and Leigh has failed to show how the defendant's roadblock, which prevented her from accessing private land she was not authorized to enter, was unreasonable under the circumstances. Thus, based on the record before the court, Leigh has not established by clear and convincing evidence that defendants have violated the court's July 16, 2010 order. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (a party seeking an order of contempt has the burden to show, by clear and convincing evidence, that the opposing party violated a specific and definite order of the court). Accordingly, Leigh's motion for reconsideration shall be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration of the court's order concerning plaintiff's motion for an order to show cause (Doc. #45) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE